UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEWAYNE McGEE RICHARDSON, | ) | 1:12-cv—00203-AWI-BAM-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION AS |
| | ) | SUCCESSIVE PURSUANT TO 28 U.S.C. |
| v. | ) | § 2244(b) (Doc. 1) |
| | ) | |
| TIM VARGA, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY AND TO DIRECT THE |
| | ) | CLERK TO CLOSE THE ACTION |
| _____ | ) | |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 13, 2012.

I.   Screening the Petition

Rule 4 of the Habeas Rules requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. <u>Background</u>

Petitioner is serving a sentence of life without the possibility of parole imposed in 2001 by the Kern County Superior Court for first degree murder and conspiracy to commit robbery with a gang enhancement. (Pet. 1.) In the petition, Petitioner challenges his conviction and sentence, raising multiple claims of errors in the trial and sentencing proceedings. (<u>Id.</u> at 4-

16.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On April 25, 2006, a habeas petition challenging Petitioner's Kern County convictions and sentence was denied on the merits by this Court in Dewayne McGee Richardson v. D. L. Runnels, case number 1:04-cv-05349-NEW, and judgment was entered. (Docs. 28-29.) The Court denied the petition on the merits and entered judgment for the respondent. (Docs. 28, 6-22; 29.)

III. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but

1 for the constitutional error, no reasonable factfinder would have
2 found the applicant guilty of the underlying offense.  28 U.S.C.
3 § 2244(b)(2)(A)-(B).

4     However, it is not the district court that decides whether a
5 second or successive petition meets these requirements, which
6 allow a petitioner to file a second or successive petition.
7 Section 2244(b)(3)(A) provides, "Before a second or successive
8 application permitted by this section is filed in the district
9 court, the applicant shall move in the appropriate court of
10 appeals for an order authorizing the district court to consider
11 the application."  In other words, a petitioner must obtain leave
12 from the Ninth Circuit before he or she can file a second or
13 successive petition in district court.  See Felker v. Turpin, 518
14 U.S. 651, 656-657 (1996).  This Court must dismiss any claim
15 presented in a second or successive habeas corpus application
16 under section 2254 that was presented in a prior application
17 unless the Court of Appeals has given Petitioner leave to file
18 the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been
19 characterized as jurisdictional.  Burton v. Stewart, 549 U.S.
20 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th
21 Cir. 2001).

22     A disposition is "on the merits" if the district court
23 either considered and rejected the claim, or determined that the
24 underlying claim would not be considered by a federal court.
25 McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing
26 Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

27     Here, the first petition concerning the Kern County judgment
28 was denied on the merits.  Petitioner makes no showing that he

4

has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That being so, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254 and must dismiss the petition.  See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

   Accordingly, it will be recommended that the petition be dismissed.

   IV.  Certificate of Appealability

   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537 U.S. at 336-37. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right. Petitioner has not made the substantial showing required for issuance of a certificate of appealability.

Therefore, the Court should decline to issue a certificate of appealability.

V. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED as successive; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close this action because the

dismissal will terminate the action.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **February 27, 2012**           **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE